SIMMONDS AEROCESSORIES, Ltd.,
Plaintiff,

v.

ELASTIC STOP NUT CORPORATION
OF AMERICA, Defendant.

Civ. A. No. 259–57.

United States District Court
D. New Jersey.

Aug. 7, 1957.

**616**

Weisman & Freedman, Newark, N. J., by Joseph A. Weisman, Newark, N. J., for plaintiff.

Riker, Emery & Danzig, Newark, N. J., by Hamilton Hicks, New York City, and Curtis F. Prangley, Chicago, Ill., for defendant.

WORTENDYKE, District Judge.

In this diversity action for a declaratory judgment as to the validity of defendant's registered trade mark and for damages for unfair competition, the defendant directs a six-pronged attack upon the complaint. The defendant's motions may be placed in four categories:

(1) A motion to strike the entire complaint for failure to state a claim upon which relief can be granted under Fed. Rules Civ.Proc. rule 12(b) (6), 28 U.S.C.

(2) A motion to strike the complaint for failure to join indispensable parties, under Rule 12(b) (7).

(3) A motion to strike the first count of the complaint for lack of jurisdiction of the subject matter thereof, pursuant to Rule 12(b) (1).

(4) A motion to strike paragraph 16 of the first count of the complaint for failure to particularize the charge of fraud therein made as required by the provisions of Rule 9(b) or, in the alternative, to dismiss the entire complaint under Rule 12.

## The Complaint

The plaintiff, a business corporation of the United Kingdom, claims that it manufactures and sells throughout the world, except in the United States of America, lock nuts provided with a red fiber insert which furnishes the necessary elastic properties for the locking of the nut to its bolt. Although originally patented by the inventor in the British Isles and in the United States of America, with licenses issuing first to the defendant for manufacture and sale in the United States and certain other countries, and subsequently to the plaintiff for manufacture and sale in parts of the world other than the United States, the patents and licenses in due time heretofore expired, and the product thereupon entered the public domain. Plaintiff alleges that, from the very inception of their manufacture and marketing, the fiber inserts in the lock nuts of both parties have been colored red, and in this form have been universally accepted as denoting the product of Rennerfelt, the inventor.

It appears further from the complaint that certain quantities of the plaintiff's product were shipped into the United States in 1953, in containers clearly labelled with the plaintiff's name, and that on June 1, 1954 defendant wrote to the plaintiff asserting the defendant's claim of an exclusive and proprietary right to use the color red for the fiber insert of elastic lock nuts, and demanding that the plaintiff desist from further use of that color for that purpose. Plaintiff rejected this demand by its letter of July 16, 1954 to defendant. On November 3, 1954, defendant applied to the United States Patent Office for registration, as its trade mark, of a cut or picture of an elastic lock nut with a red insert. Upon this application a certificate of registration was duly issued to defendant on September 6, 1955. In accordance with 15 U.S. C.A. § 1124, defendant recorded this registration in the Customs Bureau of the Department of the Treasury of the United States. Facsimiles of the registered trade mark were circulated at United States ports of entry to customs

officers who, by Section 1124, are prohibited from allowing into the United States a product bearing a trade mark the same as or similar to a mark registered in this country.

Claiming that it had no knowledge of defendant's application for registration, plaintiff continued to export its product to the United States after June 1, 1954, and on October 4, 1955 a shipment of 143 drums of plaintiff's product was seized by the Collector of Customs at the Port of New York, and by plaintiff then withdrawn from importation to prevent forfeiture. Denying that defendant had any exclusive right to use a red color for the fiber insert of its lock nuts, and that its claim of monopoly of that color for that purpose is invalid, the plaintiff herein charges that defendant's registration was procured "by a false or fraudulent declaration, misrepresentation or means" and alleges that unless defendant's registration is cancelled and the embargo upon plaintiff's importation of its product into the United States is lifted, plaintiff will suffer substantial and irreparable damage. Plaintiff accordingly seeks:

(1) A declaratory judgment

(a) that plaintiff has the right to manufacture and import its product;

(b) that defendant never had any monopoly of the red color for its fiber insert;

(c) that defendant had no lawful right to procure the trade mark registration; and

(d) that said registration is void;

(2) An injunction against interfering with plaintiff's sale of its elastic lock nuts in the United States;

(3) A cancellation of defendant's registration;

(4) A directive to defendant to notify the Collector of Customs that defendant removes all objection and consents to the importation of plaintiff's product;

(5) An injunction against the assertion of any claim that plaintiff's product infringes that of the defendant;

(6) An adjudication that defendant's registration was procured by false or fraudulent representation; and

(7) Compensatory and punitive damages.

The second count of the complaint incorporates the allegations of the first count by reference, charges that the acts and omissions therein set forth constituted unfair competition with plaintiff's business, and seeks damages in the sum of $1,000,000.

Questions Presented by the Motion

(1) Has this Court jurisdiction of the subject matter of this action as disclosed by the allegations of the complaint?

(2) Does the complaint set forth a claim or claims upon which relief can be granted to the plaintiff in this action?

(3) Have all indispensable parties been joined herein?

(4) Is paragraph 16 of the first count of the complaint vulnerable to attack under Rule 9(b)?

Plaintiff alleges that the action arises under the Trade Mark Laws of the United States. Plaintiff apparently charges as tortious conduct on the part of the defendant the latter's actions in applying for and obtaining a registration of its trade mark, with the consequent instigation of the Customs embargo against the importation of plaintiff's merchandise by the filing of a copy of the certificate of registration in the Bureau of Customs of the Treasury Department of the United States, as provided for by law (15 U.S.C.A. §§ 1124 and 1125).

Section 2201 of Title 28 of the United States Code provides that "in a case of actual controversy within its jurisdiction * * * any court of the United States, * * * upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought * * *." To the foregoing provisions a liberal construction has invariably been applied by and in

the federal courts. Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 1943, 137 F.2d 68, certiorari denied 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454.

■ It is obvious in the language of the Statute creating the remedy that unless (1) an actual controversy exists between the parties, and (2) the case is within its jurisdiction, this Court is without power to grant declaratory relief. Maryland Casualty Co. v. Pacific Coal & Oil Co., 1941, 312 U.S. 270, 61 S. Ct. 510, 85 L.Ed. 826. What, if any, is the actual controversy in the present case as it appears from the allegations of the complaint?

■ The Third Circuit Court of Appeals has construed the "actual controversy" requirement of 28 U.S.C.A. § 2201 as applied to cases involving patent infringement claims in Treemond Co. v. Schering Corp., 3 Cir., 1941, 122 F.2d 702; Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 1943, 137 F.2d 68; and Aralac, Inc., v. Hat Corporation of America, 3 Cir., 1948, 166 F.2d 286. While recognizing that the Declaratory Judgment Act should be accorded a liberal interpretation, the Court is respectful of the admonition in Altvater v. Freeman, 1942, 319 U.S. 359, 363, 63 S.Ct. 1115, 1118, 87 L.Ed. 1450, that "the requirements of case or controversy are * * * no less strict under the Declaratory Judgment Act * * * than in case of other suits." In that case, jurisdiction was found insupportable under the Patent Laws (28 U.S.C.A. § 1338) because plaintiff failed to claim some right, title or interest under the Patent Laws, or to allege that some right or privilege would be " 'defeated by one construction or sustained by the opposite construction of these laws' " (quoting from Pratt v. Paris Gaslight & Coke Co., 1897, 168 U.S. 255, at page 259, 18 S.Ct. 62, at page 64, 42 L.Ed. 458). Judge Murphy's language, 166 F.2d at page 291 in the Aralac case, supra, affords us helpful guidance toward comprehension of the utility of the Declaratory Judgment Act as a remedy in cases of patent infringement charges:

"Prior to the passage of the * * * Act the patentee was the only one in a position to initiate a suit against the alleged infringer or his dealers. An alleged infringer could not sue the patentee for a declaration that the plaintiff was not infringing or that the patent was invalid. Today the alleged infringer, once he is threatened by a patentee, has a remedy by a complaint for a declaratory judgment. Now the controversy between the parties as to whether infringement exists is in either instance essentially one arising under the Patent Laws."
Using the language of the same (Third Circuit) Court in Treemond Co. v. Schering Corp., supra, 122 F.2d at page 705, Judge Murphy adds: " 'There can be no doubt that an actual controversy does not exist until the patentee makes some claim that his patent is being infringed.' " Because the defendant had never charged the plaintiff "with doing anything by way of direct or contributory infringement" the court in Aralac held that plaintiff lacked the "interest in a controversy [necessary] to support an action for declaratory judgment relief to test the validity of a patent." The Court is, of course, aware that the diversity status of the parties in the case at bar was not present in Aralac. Jurisdiction was lacking in Aralac because the action did not arise under the Patent Laws. The form of action was improper because of absence of justiciable controversy.

Jurisdiction of the parties to this suit is based upon 28 U.S.C.A. § 1332(a)(1). Section 1338 of the same Title accords to this Court jurisdiction of actions arising under the trade mark laws, as well as of actions "asserting a claim of unfair competition when joined with a substantial and related claim under the * * * trademark laws." Jurisdiction is not based upon 15 U.S.C.A. § 1119, which empowers a court to determine the right to registration and to order cancellation of registrations, even though this is a case arising under the trade mark laws,

because it does not involve a registered mark within the meaning of § 1119 as was the case in Bascom Launder Corp. v. Telecoin Corp., 2 Cir., 1953, 204 F.2d 331.

In effect the facts pleaded and the relief sought are reducible to an effort by the plaintiff to bring about a cancellation of the defendant's registration of trade mark upon the ground that it was procured by fraud or misrepresentation. The plaintiff seeks such a cancellation only as a step toward its ultimate objective of removing the Customs' embargo against the import of its merchandise into the United States. In causing its trade mark to be registered, defendant was simply availing itself of the provisions of the Statute as passed by the Congress. Upon the accomplishment of registration and the filing of a copy of the certificate in the Bureau of Customs the embargo against the importation of plaintiff's merchandise automatically followed. Defendant cannot be charged with wrong in availing itself of a statutory right, even if in so doing the consequence thereof may cause damage to the plaintiff. Plaintiff admits that prior to the registration both parties in the areas designated by their Rennerfelt licenses had for some time used the red color for the fiber insert of their respective products. While the registration did not create the trade mark, a strong presumption of the trade mark's validity results from the registration. Once registered, the trade mark becomes invulnerable except by direct attack in the form of proceedings for cancellation before the Commissioner, under 15 U.S. C.A. § 1064. § 1065 of the same Title provides that the right of a registrant to the use of his trade mark becomes incontestible (with certain exceptions) after continuous use for five consecutive years following the date of registration.

Despite the prima facie validity of defendant's registration, and the explicit statutory provision for the means of questioning that validity by cancellation proceedings before the Commissioner, the plaintiff here, without being vested with any interest in the trade mark as registered, and in the absence of a charge of infringement by the defendant coupled with a threat of litigation by reason thereof, has seen fit to attempt, by way of a declaratory judgment, to achieve by indirection an adjudication of the invalidity of the defendant's registration. This Court feels that such an attempted attack upon a presumably valid registered trade mark, by one who has not brought and is not a party to any proceedings for the registration or its cancellation in the Patent Office, if encouraged and permitted, would completely nullify the purpose and effect of the registration of every trade mark and should therefore not be permitted. The Declaratory Judgment Act has not enlarged the jurisdiction of the Courts over the subject matter and parties. It created no new rights, but merely introduced an additional remedy for the determination of an already existing right.

Plaintiff here does not charge that it has a right which it would seek to have vindicated. Rather, it charges that defendant should be deprived of its prima facie right to its registered trade mark because of misrepresentation in its application therefor. Defendant's citation of Elastic Stop Nut Corp. of America v. Greer, D.C.Ill.1945, 62 F.Supp. 363, 368, in its letter of June 1, 1954 to the plaintiff, merely called the plaintiff's attention to that adjudication as holding that Greer was enjoined against using a red fiber collar in his lock nut product.[1]

1. The Greer case was based on a charge of unfair competition against which the defendant filed a counterclaim charging patent infringement. The counterclaim was dismissed and the evidence was held to establish proof of the unfair competition charged. The injunctive relief granted in Greer restrained defendant "from applying the terms 'Stop Nuts' or 'Elastic Stop Nuts' to self-locking nuts not of plaintiff's manufacture that have the style and dress of the plaintiff's self-

The letter made no contention with respect to any registered trade mark of the defendant because at that time no such trade mark had been registered. In substance, the letter reference to the Greer case merely warned the plaintiff that the defendant had been adjudicated as entitled to the possession and enjoyment of a common law trade mark in a red color for its fiber insert. There is nothing on the face of the present complaint which indicates that the defendant had charged the plaintiff with infringement of its registered trade mark and threatened the plaintiff with litigation based upon such infringement. Accordingly, there is no justiciable controversy manifest on the face of the complaint and, therefore, no jurisdiction in this Court to grant the relief invoked under the Declaratory Judgment Act. Moreover, this Court is of the opinion that the remedy available to the plaintiff in the form of cancellation proceedings before the Commissioner of Patents, if the plaintiff is able to show fraud or misrepresentation in the application which resulted in the registration, is adequate. Therefore, this Court concludes that the first count of the complaint fails to disclose jurisdiction in this Court over the subject matter thereof and fails to state a claim upon which relief can be granted.

The allegations of the first count of the complaint are incorporated by reference in the second count thereof which charges that what the defendant did or did not do, as set forth in the first count, amounted to unfair competition by the defendant with the plaintiff for which the plaintiff seeks damages.

§ 1120 of Title 15 provides a remedy by a civil action for damages for any person injured by the procurement of a trade mark registration by false or fraudulent declaration or representation. Jurisdiction of such an action is conferred upon this Court by § 1121 of the same Title. § 1120 is construed in Landstrom v. Thorpe, 8 Cir., 1951, 189 F.2d 46, at page 50, 26 A.L.R.2d 1170:

"We think that § 1120 means that any person who procures registration of a trade-mark by a false declaration is liable in a civil action in the federal court to any person injured by the trade-mark 'for any damages sustained in consequence thereof', that is, resulting from the use of the 'mark' while falsely registered, and not an injury resulting from the false declaration solely."

In Walworth Co. v. Moore Drop Forging Co., 1 Cir., 1927, 19 F.2d 496, defendant's counterclaim for damages for fraudulent procurement of registration was sustained in plaintiff's action for infringement of its registered trade mark. There was no diversity of citizenship between the parties; jurisdiction being supported by the registration of the trade mark. The counterclaim was based upon § 25 of the Trade-Mark Act of 1905, which is the source of present section 1120.

■ 15 U.S.C.A. § 1057(b) provides that "A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the certificate, subject to any conditions and limitations stated therein." The presumption of validity referred to in the foregoing language is, of course, rebuttable. Farmers' Educational & Co-op. Union of America v. Farmers Educational & Co-op. Union of America, D.C. Iowa 1956, 141 F.Supp. 820; Curtis-Stephens-Embry Co., Inc., v. Pro-Tek-Toe Skate Stop Co., Inc., 8 Cir., 1952, 199 F.2d 407. The invalidity of a registered trade mark obtained fraudulently is contemplated by § 1064 of Title 15, which provides for cancellation of registrations. The presumption of validity referred to in § 1057 merely casts the burden of proving invalidity upon one who

locking nuts" and "from using a red fibre insert or any colorable imitation

thereof in connection with any product not the plaintiff's. * * *"

appropriately raises an issue thereon. The conceded possession by the present defendant of a certificate of registration does not, in this Court's opinion, render the defendant invulnerable to an action for damages based upon a charge of fraudulent procurement of the registration by a party injured thereby; provided, of course, jurisdiction of such an action is vested in the Court in which the same is brought. There is ample jurisdiction in this Court to entertain such an action by reason of the diversity of citizenship of the parties and the provisions of 15 U.S.C.A. § 1121.

■ As properly contended by the defendant, the allegations of fraud embodied in paragraph 16 of the first count of the complaint offend against the requirements of Rule 9(b) of the Rules of Civil Procedure, and for that reason, the defendant has moved to strike that paragraph of the complaint. In response to plaintiff's oral request during the argument, and in the interest of substantial justice, leave is granted to the plaintiff to amend paragraph 16 in accordance with the language and intent of Rule 15(a); provided such leave is availed of by the filing of an amended complaint (the entire first count having been dismissed) within thirty days next succeeding the filing of this opinion, to bring into conformity with Rule 9(b) the allegations of fraud upon which plaintiff seeks to support its claim for damages in the second count. Defendant may thereafter address an appropriate motion to the complaint, as amended, for the purpose of testing the sufficiency of the particularization of fraud anticipated as forthcoming in such amendment.

■ There remain for consideration the contentions of the defendant that the non-joinder of the American importer of the plaintiff's merchandise as a party plaintiff, and of the United States Collector of Customs as a party defendant, are respectively and collectively fatal to the complaint. Defendant urges that the defendant's consent would not suffice to lift the embargo imposed by the Collector of Customs upon the importation of plaintiff's goods, and that therefore, unless the Collector of Customs is made a party defendant, the Court would be unable to grant effective relief to the plaintiff under the allegations of the complaint. Defendant accordingly asserts that the Collector of Customs of the Port of New York is an indispensable party defendant to this action, and that failure to join him as such requires a dismissal of the complaint. Defendant also contends that the real party claimant in interest must be the importer of plaintiff's merchandise, the identity of whom has not been disclosed, and who, concededly, has not been made a party plaintiff. Because Rule 17(a) of the Federal Rules of Civil Procedure requires that every action shall be prosecuted in the name of the real party in interest, defendant insists that the action may not proceed without the joinder of this unidentified importer, apparently upon the ground that he or it is an indispensable party. I conclude that neither the Collector of Customs nor the plaintiff's importer, if any, is an indispensable party. Therefore, non-joinder of either does not render the complaint vulnerable to the motions based upon that ground. The interest of each of the absent parties is distinct and severable. See Judge Leibell's opinion in Photometric Products Corp. v. Radtke, D.C. N.Y. 1954, 17 F.R.D. 103. If the present plaintiff is able to prove that defendant's registration was procured by false or fraudulent declaration or representation or by any false means and can show that it sustained damages in consequence thereof, its right of recovery, if established, will not affect the rights of either the Collector of Customs or of plaintiff's American importer, if any; nor will the presence of either of these absent parties be necessary to enable the Court to determine the rights of the plaintiff as against the defendant, including the amount of damages, if any, under 15 U.S.C.A. § 1120. Defendant's motion for non-joinder of parties is ineffective as against the second count in view of the foregoing determination of the es-

sential nature and validity of that count, subject to the amendment of the allegations of fraud in paragraph 16. Since the defendant's motion addressed to the first count has prevailed, a consideration of the effect of non-joinder on that count becomes unnecessary.

For the reasons hereinabove set forth, this Court concludes that the motion to dismiss the first count of the complaint must prevail; but the motion addressed to the second count thereof is denied subject to the exercise by the plaintiff of the leave to amend as hereinabove indicated. An order may be presented in accordance with the foregoing opinion.