SIMMONDS AEROCESSORIES, Limited,
Plaintiff,

v.

ELASTIC STOP NUT CORPORATION
OF AMERICA, Defendant.

Civ. A. No. 259-57.

United States District Court
D. New Jersey.

Jan. 10, 1958.

Weisman & Freedman, Newark, N. J., by Sanford Freedman, Newark, N. J., for plaintiff.

Riker, Emery & Danzig, Newark, N. J., by Theodore McCurdy Marsh, Newark, N. J., Hamilton Hicks, New York City, Curtis F. Prangley, Chicago, Ill., and Arthur Prangley, Union, N. J., for defendant.

WORTENDYKE, District Judge.

Upon my decision in this case reported in 154 F.Supp. 615, and with leave granted in order of October 23, 1957, entered thereon, plaintiff filed an "Amendment to Complaint," which has evoked defendant's motions to strike the amendment and to dismiss the (remaining) second count of the complaint. These motions have been briefed and argued.

The first count of the original complaint (for a declaratory judgment) was dismissed by the order of October 23, 1957. That order, however, granted leave to amend paragraph 16 of the first count which, together with the other allegations of that count, was incorporated by reference in the second count (for damages for false or fraudulent registration of defendant's claimed trade-mark and for unfair competition). The amendment of paragraph 16 was required because, as originally phrased, its allegation of fraud failed to conform with Rule 9(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Defendant contends, upon its pending motions, that paragraph 16 as amended still fails to meet the requirements of the Rule because its allegations do not state with particularity "the circumstances constituting (the) fraud" relied on to sustain the cause of action under 15 U.S.C.A. § 1120 pleaded in the surviving (second) count of the complaint.

■ Section 1120 of Title 15 U.S.C.A. creates civil liability for damages in favor of a person who shall be injured in consequence of the procurement of registration of a trade-mark "by a false or fraudulent declaration or representation, oral or in writing, or by any false means." Similar language was embodied in § 25 of the Trade-Mark Act of 1905. See Walworth Co. v. Moore Drop Forging Co., 1 Cir., 1927, 19 F.2d 496, 499. The contest between the parties in the pending motion to strike revolves about the adjectives "false or fraudulent" in the foregoing section (1120). Defendant contends they are essentially synonymous; plaintiff argues to the contrary. I adopt plaintiff's view. It must be presumed that the Congress sought to avoid tautology, and intended the common meaning of the language which it employed. Use of the disjunctive "or" renders the respective connotations of "false" and "fraudulent" mutually exclusive. In the authoritative words of Judge Prettyman in Rick v. United States, 1947, 82 U.S.App.D.C. 101, 161 F.2d 897, 898:

> "Under well-established principles of law, 'fraudulent' includes an intent and involves a subject matter of which someone is to be deprived * * *. Thus, we are unable to find any real difference between a 'fraudulent' return and a willful attempt to evade a tax. A 'false' return may be merely incorrect, due to negligence or some other cause lacking intent or not involving a tax, and thus such a return is not necessarily willful or an attempt to evade a tax."

In using the foregoing language Judge Prettyman was contemplating the phrase "false or fraudulent return" as used in a penal tax statute.

■ I conclude that "false" and "fraudulent" as used in 15 U.S.C.A. § 1120 are not synonymous, and that damages are recoverable thereunder where the registration is procured either by a declaration which was incorrect or by a declaration which was a wilful attempt to mislead and injury has resulted as a consequence thereof.

■ Defendant's present attack on paragraph 16 as amended springs from Rule 12(b) or 12(f), in conjunction with 9(b), of the Federal Rules of Civil Procedure. Upon the motions to strike and to dismiss, all well-pleaded allegations

are deemed admitted. United States v. New Wrinkle, Inc., 1952, 342 U.S. 371, 72 S.Ct. 350, 96 L.Ed. 417. Paragraph 16, as amended, of the complaint in this case charges that defendant's trade-mark registration was procured "by false *and* fraudulent" (elsewhere therein "false *or* fraudulent") declarations consisting of eleven specifically particularized factual statements and four conclusions of law (subdivisions (b), (c), (d), and (o)). Assuming that the foregoing conclusions of law may not accord with the standards prescribed for pleading by Rule 8(a) and 8(e), if they are objectionable they may be treated as surplusage. The factual statements particularizing the falsity or fraudulent character of the declarations relied upon suffice, in my opinion, to immunize paragraph 16 as amended from successful attack upon the pending motions. If plaintiff relies upon the falsity of the registration declarations, it has unnecessarily particularized them. If, on the other hand, plaintiff charges that the declarations were fraudulently made, the amendment meets the requirements of Rule 9(b). Whether such charges will be supported by the proofs on the trial remains to be seen. Meanwhile, for the purpose of the motions to strike and to dismiss, the truth of the factual allegations must be assumed.

Insofar as plaintiff contemplates relying upon "divers other false or fraudulent declarations, representations or means * * * used by the defendant in procuring the aforesaid registration" as indicated in the amendment to its complaint, plaintiff, will be limited in its proof to the particulars of falsity or fraud which it has *expressly* set forth in its amended pleading. The last sentence of the amended paragraph, in which plaintiff states its belief, will therefore be stricken.

Defendant argues that plaintiff's prayer for punitive damages upon the second count (under 15 U.S.C.A. § 1120 and for unfair competition) is not supportable under the allegations of the pleadings as amended. "Damages resulting from the wrongful registration of the trade-mark and for unfair competition must necessarily be proven by the same evidence. * * * Exemplary damages are not the direct and proximate result or effect of such wrongful registration." Landstrom v. Thorpe, 8 Cir., 1951, 189 F.2d 46, 51 and 52, 26 A.L.R.2d 1170; certiorari denied 342 U.S. 819, 72 S.Ct. 37, 96 L.Ed 620. The second count equates the alleged wrongful registration with unfair competition. The claim of punitive damages is not sustainable thereunder.

An order may be presented in accordance with the views herein expressed.