**KING AUTOMOTIVE, INC.,** Appellant,

v.

**SPEEDY MUFFLER KING, INC.,** Appellee.

**Appeal No. 81–566.**

United States Court of Customs and Patent Appeals.

Dec. 17, 1981.

Frank H. Foster, Columbus, Ohio, for appellant.

John V. Sobesky and Ernest A. Beutler, Jr., Birmingham, Mich., for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

BALDWIN, Judge.

This is an appeal from the U. S. Patent and Trademark Office Trademark Trial and Appeal Board (board) of a decision granting appellee's motion to dismiss appellant's amended petition to cancel registrations of SPEEDY MUFFLER KING for installing and servicing mufflers, shock absorbers and brakes,[1] and of SPEEDY MUFFLER KING for automobile mufflers.[2] We affirm.

1. Registration No. 923,648, issued November 9, 1971.

2. Registration No. 925,480, issued December 14, 1971.

3. The pertinent grounds for cancellation are presented below, as set forth in appellant's petition:
   5. The founders and predecessors of Discoverer Services Limited had personal, direct knowledge of the use of SPEEDY MUFFLER KING in the retail replacement muffler business by Speedy Muffler King, Inc. of Cincinnati, Ohio in interstate commerce prior to establishing their replacement muffler business in Canada.
   6. In response to registrants' request, a trademark search report for the registered mark SPEEDY MUFFLER KING for use on mufflers dated June 6, 1969 was received in 1969 by registrants' attorney. (a copy of

*Background*

Appellee, a Delaware corporation engaged in the business of replacing car mufflers, is successor in interest to Discoverer Services Ltd. (Discoverer), a Canadian corporation that obtained two registrations for the mark SPEEDY MUFFLER KING. Appellant is also engaged in the replacement muffler trade and uses the mark MUFFLER KING for its goods and services in central Ohio. Appellant has no federal registration, but claims, through a predecessor in interest, continuous use of the mark from 1953.

On October 26, 1979, appellant filed a petition to cancel appellee's registrations; when appellee subsequently filed a motion to dismiss the petition, appellant filed an amended petition on September 23, 1980. In the amended petition to cancel, appellant alleged fraud in appellee's procurement of the registrations grounded on (1) actual knowledge by the founders and predecessors of Discoverer of use of SPEEDY MUFFLER KING in interstate commerce by a third party in Cincinnati, Ohio, prior to Discoverer's establishing its replacement muffler business in Canada, and (2) knowledge by appellee, based on a June 6, 1969, trademark search report commissioned by appellee, of use by others of the mark MUFFLER KING.[3] Appellee responded to appellant's amended petition with a second motion to dismiss which, like the first,

which is attached hereto and marked Exhibit A).
   7. Said search indicated the use by several others of the mark SPEEDY MUFFLER KING and by still others of MUFFLER KING.
   8. In spite of the knowledge of said search report, registrant executed the allegation in the applications for said registrations that no one else has the right to use the same or a confusingly similar mark in commerce, said allegation being known by Registrant to be untrue at least as early as June 6, 1969 said allegation having been made willfully, fraudently [sic] and in bad faith with the intent to deceive and the intent to obtain said registrations which registrant would not otherwise have received and with the intent to induce the Patent Office to grant said registrations.
Reference to SPEEDY MUFFLER KING in paragraph 7 supra has been stricken by appellant.

urged that the appellant's allegations of fraud were inadequate as a matter of law.

### Decision of the Board

In its disposition of appellee's motion to dismiss the amended petition to cancel, the board concluded that appellant may have effectively pleaded an interest in the proceedings to support standing, but that appellant had not alleged facts that, if proved, would constitute fraud on appellee's part. Specifically, the board stated that:

> Petitioner does not assert that at the time the applications were filed, respondent was aware of the use by a third party of the mark "SPEEDY MUFFLER KING" for mufflers. Petitioner also fails to allege that the use by a third party of "SPEEDY MUFFLER KING" was prior to * *. * respondent's use and was continuous and that these facts were known to respondent at the time it filed its applications.

The board also concluded that, while the search report mentioned in appellant's petition did show possible use by others of MUFFLER KING in connection with mufflers, appellee "might reasonably have believed that the contemporaneous use of [a different mark] * * * would not be likely to cause confusion." According to the board, no fraudulent intent could therefore be inferred from appellee's declaration that

> no other person, firm, corporation, or association, to the best of his knowledge and belief, has the right to use such mark in commerce either in the identical form thereof or in such near resemblance thereto as to be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake, or deceive.

### OPINION

The issue before us is whether the board erred in finding appellant's amended petition legally inadequate under the applicable Trademark Rules and the Federal Rules of Civil Procedure. In this regard, we note that the requirements of 37 CFR 2.112 generally parallel Fed.R.Civ.P. 8(a)(2) in providing that a "petition to cancel * * * must set forth a short and plain statement showing how the petitioner is or will be damaged by the registration, [and] state the grounds for cancellation." In addition, 37 CFR 2.116(a) mandates adoption of the Federal Rules of Civil Procedure in inter partes trademark proceedings "[e]xcept as otherwise provided, and wherever applicable and appropriate."

In effect, the board's dismissal on the pleadings was a dismissal for failure to state a claim upon which relief can be granted. In reviewing dismissal on this ground, we will liberally construe the complaint in favor of the complainant and will accept as true the facts alleged in the complaint. *See Stanspec Co. v. American Chain & Cable Co.*, 531 F.2d 563, 566, 189 USPQ 420, 422 (CCPA 1976). Moreover, because appellant's petition sounds in fraud, the pleadings must satisfy Fed.R.Civ.P. 9(b), which requires that:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

While Rule 9(b) does not require the pleading of detailed evidentiary matters, we agree with the board that appellant has not stated with sufficient specificity the factual bases for its allegations of appellee's fraudulent misrepresentation to the PTO. *See Northern Eng'r & Plastics Corp. v. Blackhawk Molding Co.*, 189 USPQ 734 (N.D.Ill.1975). Appellant argues that Discoverer's knowledge of another's right to use the mark SPEEDY MUFFLER KING at the time Discoverer filed in the United States can be reasonably inferred from the petition. However, Rule 9(b) requires that the pleadings contain explicit rather than implied expression of the circumstances constituting fraud. *See, e. g., Segal v. Gordon*, 467 F.2d 602, 607–08 (2d Cir. 1972); *O'Connor v. GCA Corp.*, 332 F.Supp. 1246, 1247 (S.D.N.Y.1971). *See also Crown Wallcovering Corp. v. Wall Paper Mfgrs.*, 188 USPQ 141, 143–44 (TTAB 1975). In particular, appellant's petition lacks the prerequi-

site averments of fact supportive of appellant's belief that Discoverer knew of a third-party's right to use SPEEDY MUFFLER KING in commerce when Discoverer filed in the United States.

■ Appellant's allegations concerning Discoverer's knowledge of prior use of the mark MUFFLER KING are similarly deficient. Even if the disclosures in the trademark search report supported appellant's contention that Discoverer knew of the alleged third-party use of MUFFLER KING (and on this point we express no opinion), appellant's conclusory statement that Discoverer knew its declaration to be untrue is not supported by a pleading of any facts which reflect Discoverer's belief that the respective uses of MUFFLER KING and SPEEDY MUFFLER KING would be likely to confuse.[4] *See Simmonds Aerocessories v. Elastic Stop Nut Corp. of America*, 158 F.Supp. 277, 279, 116 USPQ 91, 92 (D.N.J. 1958).

Accordingly, we *affirm* the board's dismissal.

AFFIRMED.

4. In effect, appellant accuses appellee of withholding information regarding third-party use of a different mark from that registered. However, the withholding of such information, absent the requisite intent to mislead, does not qualify under the Lanham Act as fraud warranting cancellation. *See Bart Schwartz Int'l Textiles v. FTC*, 48 CCPA 933, 937–38, 289 F.2d 665, 669, 129 USPQ 258, 260–61 (1961).