THIS OPINION IS
A PRECEDENT OF
THE T.T.A.B.

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Goodman

Mailed:  October 22, 2009

Cancellation No. 92048821

Asian and Western Classics
B.V.

v.

Lynne Selkow

Before Walters, Zervas and Wellington, Administrative
Trademark Judges.

By the Board:

This case now comes up on petitioner's motion, filed
May 15, 2009, for summary judgment on its fraud claim as set
forth in its amended petition to cancel.  Specifically,
petitioner's motion argues that there is no genuine issue
that "there was no use of the mark on some of the goods
[bracelets] set forth in the registration" when respondent
filed her Section 8 and 15 declaration.  The motion is fully
briefed.

A decision on summary judgment necessarily requires a
review of the operative pleading in this case, filed on July
17, 2008 and accepted by the Board on December 22, 2008.  In
view of the recent decision of *In re Bose Corp*., 580 F.3d

1240, 91 USPQ2d 1938 (Fed. Cir. 2009), we find the fraud claim insufficiently pleaded.[1]

In petitioning to cancel on the ground of fraud, a petitioner must allege the elements of fraud with particularity in accordance with Fed. R. Civ. P. 9(b), made applicable to Board proceedings by Trademark Rule 2.116(a). Under Rule 9(b), together with Fed. R. Civ. P. 11 and USPTO Rule 11.18, "the pleadings [must] contain explicit rather than implied expression of the circumstances constituting fraud." *King Automotive, Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 212 USPQ 801, 803 (CCPA 1981). *See also* Wright & Miller, Federal Practice and Procedure: 5A § 1296

---

[1] Petitioner alleges the following with regard to the fraud claim:

   3. Petitioner is informed and believes that Selkow did not have bona fide use in commerce of the KL Design Mark at either the time the application for registration was filed or the date of the registration.

   4. Petitioner is informed and believes that despite not having any bona fide use of the mark in commerce, Selkow submitted false statements to the trademark office attesting to such use when she filed her application for registration. Selkow knew or should have known that the statements were false, and thus the registration was obtained fraudulently and should be cancelled.

   5. Petitioner is also informed and believes that at the time Selkow filed her Declaration under Section 8&15, she did not have bona fide use of the KL Design Mark in commerce.

   6. Petitioner is informed and believes that despite not having any bona fide use of the mark in commerce, Selkow submitted false statements to the trademark office attesting to such use when she filed her Declaration under Sections 8&15. Selkow knew or should have known that the statements were false, and thus, the Declaration was submitted fraudulently, and the registration should be cancelled.

n. 11 (2004) (citing cases that discuss purposes of the Rule 9(b) heightened pleading standard to include providing notice, weeding out baseless claims, preventing fishing expeditions and fraud actions in which all facts are learned after discovery, and serving the goals of Rule 11).

Pleadings of fraud made "on information and belief," when there is no allegation of "specific facts upon which the belief is reasonably based" are insufficient. *Exergen Corp. v. Wal-Mart Stores Inc*., 91 USPQ2d 1656, 1670 (Fed. Cir. 2009) and cases cited therein (discussing when pleading on information and belief under Fed. R. Civ. P. 9(b) is permitted); *see also In Re Bose Corp.,* 91 USPQ2d at 1938. Additionally, under USPTO Rule 11.18, the factual basis for a pleading requires either that the pleader know of facts that support the pleading or that evidence showing the factual basis is "likely" to be obtained after a reasonable opportunity for discovery or investigation. Allegations based solely on information and belief raise only the mere possibility that such evidence may be uncovered and do not constitute pleading of fraud with particularity. Thus, to satisfy Rule 9(b), any allegations based on "information and belief" must be accompanied by a statement of facts upon which the belief is founded. *See Exergen Corp.,* 91 USPQ2d at 1670 n.7, citing *Kowal v. MCI Commc'n Corp*., 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994) "('[P]leadings on

information and belief [under Rule 9(b)] require an allegation that the necessary information lies within the defendant's control, and … such allegations must also be accompanied by a statement of the facts upon which the allegations are based')."

In this case, petitioner's allegations in Paragraphs 4 and 6 of the amended petition to cancel regarding respondent's alleged false statements to the Office are based solely upon information and belief.  These allegations fail to meet the Fed. R. Civ. P. 9(b) requirements as they are unsupported by any statement of facts providing the information upon which petitioner relies or the belief upon which the allegation is founded (i.e., known information giving rise to petitioner's stated belief, or a statement regarding evidence that is <u>likely</u> to be discovered that would support a claim of fraud).[2]  *Media Online Inc. v. El Clasificado Inc*., 88 USPQ2d 1285, 1287 (TTAB 2008) (finding the proposed amended pleading insufficient in part under Fed. R. Civ. P. 9(b) because the false statements that purportedly induced the Office to allow registration were not set forth with particularity).  *See also* Wright &

---

[2] Although paragraphs 3 and 5 of the fraud claim assert lack of bona fide use in commerce based on information and belief, the necessary supplementary factual information on which these allegations are based is provided in paragraphs 8, 9 and 10.

4

Miller, *supra*, § 1298 (discussing particularity requirement of Fed. R. Civ. P. 9(b)).

A pleading of fraud on the USPTO must also include an allegation of intent. *In re Bose,* 91 USPQ2d at 1939-1940. Moreover, although Rule 9(b) allows that intent may be alleged generally, the pleadings must allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind. *Exergen Corp.,* 91 USPQ2d at 1667, n.4. Pleadings of fraud which rest solely on allegations that the trademark applicant or registrant made material representations of fact in connection with its application or registration which it "knew or should have known" to be false or misleading are an insufficient pleading of fraud because it implies mere negligence and negligence is not sufficient to infer fraud or dishonesty. *In re Bose,* 91 USPQ2d at 1940, quoting *Symbol Techs., Inc. v. Opticon*, Inc., 935 F.2d 1569, 1582 (Fed. Cir. 1991). Thus under *Bose*, intent is a specific element of a fraud claim and an allegation that a declarant "should have known" a material statement was false does not make out a proper pleading. *See also Media Online,* 88 USPQ2d at 1287 (finding proposed amended pleading insufficient in part because the pleading lacked allegations of scienter); *Crown Wallcovering Corp. v. The Wall Paper Mfrs. Ltd.*, 188 USPQ 141, 144 (TTAB 1975) and cases cited

therein ("in order to state a claim upon which relief can be granted on the ground of fraud, it must be asserted that the false statements complained of were made willfully in bad faith with the intent to obtain that to which the party making the statements would not otherwise have been entitled").

Petitioner's allegations in Paragraphs 4 and 6 of the amended petition to cancel which state that "registrant knew or should have known…" are insufficient to infer respondent's intent to commit fraud on the USPTO.

In view thereof, petitioner's fraud claim is insufficient.

Because petitioner's fraud claim was not properly pleaded and is insufficient to state a claim, the motion for summary judgment is deemed moot. *Intermed Communications, Inc. v. Chaney*, 197 USPQ 501, 503 n. 2 (TTAB 1977) ("If a claim has not been properly pleaded, one cannot obtain summary judgment thereon"). *See also Consolidated Foods Corporation v. Berkshire Handkerchief Co., Inc.*, 229 USPQ 619, 621 (TTAB 1986) (The rule that only properly pleaded issues may be the subject of a grant of summary judgment "is especially important where the asserted ground for summary judgment is fraud since in pleading fraud, 'the circumstances . . . shall be stated with particularity.' Fed. R. Civ. P. 9(b)").

We note in any event, that even if we were to consider petitioner's motion for summary judgment on the fraud claim on its merits, the motion would have to be denied because genuine issues remain at least with respect to respondent's intent to commit fraud on the USPTO.  A party making a fraud claim is under a heavy burden because fraud must be "proven 'to the hilt' by clear and convincing evidence," leaving nothing to speculation, conjecture, or surmise; any doubt must be resolved against the party making the claim.  *Smith International, Inc. v. Olin Corp.*, 209 USPQ 1033, 1043-1044 (TTAB 1981).  The factual question of intent is particularly unsuited to disposition on summary judgment.  *Copelands' Enterprises Inc. v. CNV Inc.*, 945 F.2d 1563, 20 USPQ2d 1295, 1299 (Fed. Cir. 1991).

Petitioner is allowed until TWENTY DAYS from the mailing date of this order to file and serve an amended pleading properly alleging fraud, if petitioner has a sound basis for doing so, failing which, the existing allegations regarding fraud are hereby stricken.[3]

---

[3] If petitioner repleads the fraud claim consistent with *Bose*, we note that the basis for its summary judgment motion (i.e., fraud based on non-use on one of the goods at the time of filing the Section 8 and 15 declaration) was narrower than the fraud claim petitioner attempted to assert in the operative amended petition to cancel (i.e., fraud based on lack of bona fide use of the mark in commerce at the time of filing the application and at the time of filing the Section 8 and 15 declaration).  Therefore, petitioner may wish to narrow the basis for any prospective fraud claim it may replead.

If petitioner does file an amended pleading, respondent is allowed until FORTY days from the mailing date of this order to file its answer thereto.

Proceedings are resumed. Dates in this proceeding are reset as follows:

| | |
|---|---|
| Discovery Closes | **11/4/09** |
| Plaintiff's Pretrial Disclosures | **12/19/09** |
| Plaintiff's 30-day Trial Period Ends | **2/2/10** |
| Defendant's Pretrial Disclosures | **2/17/10** |
| Defendant's 30-day Trial Period Ends | **4/3/10** |
| Plaintiff's Rebuttal Disclosures | **4/18/10** |
| Plaintiff's 15-day Rebuttal Period Ends | **5/18/10** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.