THIS OPINION IS A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND
  TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Winter

Mailed: July 12, 2013

Opposition No. 91204667

*Caymus Vineyards*

v.

*Caymus Medical, Inc.*

Before Bucher, Taylor and Kuczma,
    Administrative Trademark Judges.

By the Board:

This case now comes up for consideration of opposer's fully briefed motion under Fed. R. Civ. P. 12(b)(6) to dismiss applicant's counterclaim. Applicant filed both an amended pleading and a response to opposer's motion. Opposer filed a reply brief that addressed the revised counterclaim in applicant's amended pleading.

Briefly, opposer contends that applicant's fraud counterclaim fails to meet the plausibility requirement of Fed. R. Civ. P. 8(a)(2) and the heightened pleading requirements of Fed. R. Civ. P. 9(b), and that applicant's second ground for the counterclaim, *viz.*, that opposer's registration should not be deemed incontestable and thus is subject to a claim that the mark is primarily geographically descriptive, does not set forth a cognizable ground for cancellation.  Applicant argues that it has alleged fraud with sufficient particularity insofar as it has pleaded that opposer made a false statement during the prosecution of the application underlying the

registration sought to be cancelled by failing to fully disclose all material facts known to it with the intent to deceive the USPTO; and argues that, in view of the opposer's fraudulent conduct, applicant's pleading that the mark is primarily geographically descriptive is proper.

## Amended Answer and Counterclaim

A plaintiff or counterclaim plaintiff may amend its complaint once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). Thus, the party in position of plaintiff in a proceeding before the Board ordinarily can respond to a motion to dismiss by filing an amended complaint. Insofar as applicant filed its amended counterclaim, set forth in its first amended answer, within 21 days of opposer's motion to dismiss, we accept applicant's first amended answer as applicant's operative pleading. As noted, opposer filed a reply brief that addressed the amended counterclaim set forth in applicant's first amended answer. Accordingly, we now consider the motion to dismiss solely with respect to the amended counterclaim, and determine whether it asserts proper claims. *See Fair Indigo LLC v. Style Conscience,* 85 USPQ2d 1536, 1537 (TTAB 2007).

## Motion to Dismiss

Opposer moves to dismiss applicant's amended counterclaim by which applicant seeks to cancel opposer's pleaded registration, namely, U.S. Reg. No. 1833996.[1]

---

[1] U.S. Reg. No. 1833996, issued May 3, 1994; renewed.

To withstand a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff need only allege sufficient factual content that, if proved, would allow the Board to conclude, or to draw a reasonable inference, that (1) the plaintiff has standing to maintain the proceeding, and (2) a valid ground exists for opposing or cancelling the mark. *Doyle v. Al Johnson's Swedish Restaurant & Butik Inc.*, 101 USPQ2d 1780 (TTAB 2012), *citing Young v. AGB Corp.*, 152 F.3d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998); and TBMP Section 503.02 (3d ed. rev. 2012). Specifically, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In particular, the claimant must allege well-pleaded factual matter and more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," to state a claim plausible on its face. *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555).

Further, with respect to the evidence attached to opposer's reply brief, *viz.*, an excerpt of a California state map and four versions of an internet advertisement assertedly referring to non-existent locations, these materials were submitted outside the pleadings[2] to show that applicant's evidence lacks credibility. Inasmuch

---

[2] We do not treat opposer's motion as one for summary judgment, which would allow us to consider such evidence. *See Compagnie Gervais Danone v. Precision Formulations LLC,* 89 USPQ2d 1251, 1255 (TTAB 2009). ("In inter partes proceedings commenced after November 1, 2007, a party may not file a motion for summary judgment under Trademark Rule 2.127(e)(1) until the party has made its initial disclosures, except for a motion asserting claim or issue preclusion or lack of jurisdiction by the Board."). Here, there is no record that initial disclosures were served by opposer and said disclosures were not due until two months after the filing of the instant motion.

as the materials do not constitute matter of which we may take judicial notice, these exhibits are excluded from consideration in determining the sufficiency of applicant's allegations. *Cf. Internet Inc. v. Corp. for Nat'l Research Initiatives*, 38 USPQ2d 1435, 1436 (TTAB 1996) (materials submitted in response to motion to dismiss excluded). Additionally, although we have considered the exhibits attached to applicant's first amended answer and counterclaim for the purpose of ascertaining the plausibility of applicant's allegations,[3] they do not impact our decision.

Inasmuch as applicant is the defendant in the involved opposition, it has standing to bring a counterclaim to cancel opposer's pleaded registration. *See Johnson & Johnson v. Obschestvo s Ogranitchennoy*, 104 USPQ2d 2037, 2038 (TTAB 2012). Opposer does not contest this point.

Applicant's two asserted grounds for cancellation are fraud under Trademark Act Section 14(3), 15 U.S.C. § 1064(3), and that the mark is primarily geographically descriptive under Trademark Act Section 2(e)(2), 15 U.S.C. § 1052(e)(2). We will address each ground in turn.

With respect to applicant's fraud claim, as the counterclaim-plaintiff, applicant must allege that the opposer obtained its registration fraudulently by knowingly making a false, material representation of fact with the intent to deceive the United States Patent and Trademark Office. *See In re Bose Corp.*, 580 F.3d 1240, 91 USPQ2d 1938, 1941 (Fed. Cir. 2009). Further, allegations of fraud must be set forth

---

[3] *See* Fed. R. Civ. P. 10(c), Trademark Rule 2.116(a). *Cf. In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 103 USPQ2d 1045, 1055 (Fed. Cir. 2012) ("district court was required to analyze the facts plead in the amended complaints and all documents attached thereto with reference to the elements of a cause of action").

with particularity, although malice, intent, knowledge, and other conditions of a person's mind may be averred generally. *See* Fed. R. Civ. P. 9(b); Trademark Rule 2.116(a). *See also King Automotive, Inc. v. Speedy Muffler King, Inc.,* 667 F.2d 1008, 212 USPQ 801 (CCPA 1981) ("[t]he pleadings [must] contain explicit rather than implied expressions of the circumstances constituting fraud"); *Asian and Western Classics B.V. v. Selkow*, 92 USPQ2d 1478, 1479 (TTAB 2009) ([A]llegations [based solely upon information and belief] fail to meet the Fed. R. Civ. P. 9(b) requirements as they are unsupported by any statement of facts providing the information upon which petitioner relies or the belief upon which the allegation is founded (*i.e.*, known information giving rise to petitioner's stated belief, or a statement regarding evidence that is *likely* to be discovered that would support a claim of fraud)) (emphasis original); *Media Online Inc. v. El Clasificado Inc.*, 88 USPQ2d 1285, 1287 (TTAB 2008) (finding the proposed amended pleading insufficient in part under Fed. R. Civ. P. 9(b) because the false statements that purportedly induced the Office to allow registration were not set forth with particularity); and 5A Fed. Prac. & Proc. Civ.3d § 1298 (April 2013) (discussing particularity requirement of Fed. R. Civ. P. 9(b)).

Construing applicant's allegations so as to do justice and in the light most favorable to applicant, as the non-movant on the motion to dismiss, we find that applicant has alleged with sufficient particularity facts which, if proven at trial, would establish that opposer knowingly made a false, material statement with the intent to deceive the United States Patent and Trademark Office. In particular, applicant alleges when and how the fraud allegedly occurred and the content of the

false representation, and identifies what was obtained by reason of the asserted fraud. *See Media Online*, 88 USPQ2d at 1287. Specifically, applicant alleges that the examining attorney who handled the application that resulted in opposer's registration required opposer, as an applicant, to "indicate whether CAYMUS has any … geographical significance or any meaning in a foreign language" (first ¶45[4]) (see also ¶¶54-55); and that following the issuance of that requirement, and "in accordance with a telephone conversation on November 1, 1993, with [opposer's then counsel]," the examining attorney entered the following amendment to the application, *viz.*, "[t]he wording 'CAYMUS' has no significance other than trademark significance" (first ¶45); that although the examining attorney indicated that opposer must indicate whether CAYMUS has any geographical significance, opposer, with deceptive intent, failed to disclose material information known by it to the examining attorney (¶54); that "[a]lthough the Examiner indicated that Opposer 'must indicate whether CAYMUS has any' geographical significance, Opposer knowingly, and with deceptive intent, failed to disclose to the USPTO that the Examiner's Amendment contained a false statement indicating that the wording CAYMUS has no significance other than as a trademark …" (¶55) when in fact "Opposer chose CAYMUS with actual knowledge at the time of registration that the word 'Caymus' had primarily geographic significance" and that its grapes are grown and/or its wine is produced near or at the Caymus locale (¶53); and that after registration and continuously thereafter, opposer failed to disclose to the USPTO the material information that the Examiner's Amendment was false when entered

---

[4] Applicant's counterclaim includes two paragraphs numbered "45."

(and remains false), in order to induce agents of the USPTO to rely on the false statement; and that the USPTO did so rely by issuing, renewing, and maintaining the registration" (¶¶ 54-56).

Opposer contends, *inter alia*, that because the examiner's amendment was entered by the examining attorney and is not opposer's statement *per se*, that attributing knowing, deceptive intent to opposer is speculative, and is thus inconsistent with the *Twombly* and *Iqbal* requirements to allege a plausible claim (see motion at 7, 9-10). We disagree. The mere fact that the examining attorney entered the amendment in no way negates the information imparted by applicant as regards, in this case, whether the term "Caymus" may have geographic significance. "It is applicant's responsibility to ensure that accurate information is transmitted to the USPTO. … The accuracy of the information applicant provide[s] in agreeing to the examiner's amendment [is] no less critical to the application than the information applicant provided in the application as filed … Applicants must ensure that all information they provide is true and accurate whether or not it is verified." *Grand Canyon West Ranch, LLC v. Hualapai Tribe*, 88 USPQ2d 1501, 1510 (TTAB 2008). If opposer (in its position as applicant with regard to the pleaded registration) believed that the examiner's amendment did not accurately reflect the information imparted by it (via its counsel[5]) during the November 1, 1993, telephone conversation, it had an obligation to immediately inform the examining

---

[5] It is well settled that a client is bound by the actions of its attorney. *See CTRL Systems Inc. v. Ultraphonics of North America Inc.,* 52 USPQ2d 1300, 1302 (TTAB 1999) ("It is well settled that … communication between the client and attorney is a two-way affair; and that action, inaction or even neglect by the client's chosen attorney will not excuse the inattention of the client so as to yield the client another day in court.").

attorney of the discrepancy.[6] *Id.* at 1510. In view of the foregoing, opposer's present claim that the amendment's content should not be attributed to it is unavailing.

With regard to the amendment, implicit in the wording that "Caymus" has no significance other than trademark significance is that "Caymus" has no geographic or foreign language significance. If, as alleged by applicant, "Caymus" has geographic significance and had such significance when the examiner's amendment was entered, opposer was obliged to be truthful about that fact during the conversation with the examining attorney and, if necessary, seek correction of the examiner's amendment after it was entered. Deliberately omitting relevant information, as has been alleged by applicant, may be treated as the equivalent of a false statement in its effect and also, under certain circumstances, show the necessary element of intent. *Swiss Watch International Inc. v. Federation of the Swiss Watch Industry,* 101 USPQ2d 1731, 1746 (TTAB 2012). *See also General Electro Music Corp. v. Samick Music Corp.,* 19 F.3d 1405, 30 USPQ2d 1149, 1154 (Fed. Cir. 1994) ("[the submission of false or misleading statements] usually will support the conclusion … of an intentional scheme to deceive the PTO") (internal citation omitted).

Further, opposer's arguments that "Caymus" has no geographic, but only historical or cultural significance and, therefore, that opposer's purported statement

---

[6] We note, in particular, that the examiner's amendment issued by the Office to opposer stated that "the applicant need not file a response in this case *unless the applicant objects to the noted amendment*" (Board emphasis). *See generally* TMEP § 707 (April 2013) (when an examiner's amendment is issued by the Office, the applicant is requested to advise the examining attorney immediately of any objections to it so that the objection can be considered before publication of the mark for opposition or issuance of a registration).

was neither false nor material, do not go to whether applicant has set out a claim of fraud, but constitute opposer's responses to the substantive issue.

In view of the foregoing, by alleging that opposer failed to disclose allegedly material information and allowed the examiner's amendment to stand, applicant has sufficiently alleged that opposer knowingly made a false, material statement with the intent to deceive the USPTO. *See Grand Canyon West Ranch*, 88 USPQ2d at 1510 ("The identification set forth in the examiner's amendment was, at least in part, false, and it was applicant's responsibility to correct it promptly as the action invites."). Accordingly, opposer's motion to dismiss applicant's fraud claim under Fed. R. Civ. P. 12(b)(6) is **denied**.[7]

Turning to applicant's second ground of the counterclaim, applicant alleges, in relevant part, the following:

1. That opposer's registration is not due incontestable status because it was procured and maintained fraudulently; thus, an action for cancellation is not time-barred (¶58);

2. That the incontestability of a mark can be defended against and the incontestability refuted if the registration or the incontestable right to use the mark was obtained fraudulently, citing to Section 33(b)(1) of the Trademark Act, 15 U.S.C. § 1115(b)(1) (¶58);

3. That because the registration was obtained fraudulently, the alleged incontestability of the mark is successfully overcome (¶58); and

---

[7] Nonetheless, applicant is reminded that a party seeking cancellation of a trademark registration for fraudulent procurement bears a heavy burden of proof. *In re Bose Corp.*, 580 F.3d 1240, 91 USPQ2d 1938, 1939, *citing W.D. Byron & Sons, Inc. v. Stein Bros. Mfg. Co.*, 377 F.2d 1001, 153 USPQ 749, 750 (CCPA 1967). "Indeed, 'the very nature of the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party.'" *In re Bose*, 91 USPQ2d at 1939, *citing, Smith Int'l, Inc. v. Olin Corp.*, 209 USPQ 1033, 1044 (TTAB 1981).

4. In view of the foregoing allegations, the term "CAYMUS" is primarily geographically descriptive, as the wines identified in the registration are grown, sold and/or made within the historic and famous Rancho Caymus area of the Napa Valley, and within the region referred to as Caymus, California (¶59);

5. That, additionally and/or alternatively, "CAYMUS" has not acquired distinctiveness (¶60); and

6. That, in view of the foregoing and third-party use of the term "CAYMUS," opposer's mark is not inherently distinctive and has not acquired distinctiveness (¶¶ 61-62).

Essentially, applicant alleges that because opposer obtained and maintained its pleaded registration based on fraudulent conduct, said registration is not entitled to Section 15 incontestability and therefore can be challenged on the ground that it is primarily geographically descriptive. For the following reasons, applicant's allegations set forth in its second ground fail to state a claim upon which relief may be granted.

First, once the registration of a mark becomes five years old, as is opposer's registration, the registration can only be challenged on the grounds stated in Section 14 of the Trademark Act, 15 U.S.C. § 1064.[8] *Sunrise Jewelry Manufacturing Corp. v. Fred S.A.*, 175 F.3d 1322, 50 USPQ2d 1532, 1534 (Fed. Cir. 1999). Specifically, Section 14 provides that after five years from the date of registration of a mark on the Principal Register, a petition or counterclaim to cancel a registration may be filed only on a ground specified in subsections 14(3) and 14(5) of the Act, including, when the registered mark has allegedly become generic for the identified goods or services or is functional, when the registration was assertedly obtained

---

[8] Further, the provisions of Section 15 of the Act, 15 U.S.C. § 1065, which address the incontestability of right to *use* rather than *register*, are essentially irrelevant in a Board proceeding.

fraudulently, or the registered mark has been abandoned. *See* Section 14 of the Trademark Act, 15 U.S.C. § 1064. *See also Montecash LLC v. Anzar Enterprises, Inc.*, 95 USPQ2d 1060 (TTAB 2010); *Saint-Gobain Abrasives, Inc. v. Unova Industrial Automation Systems, Inc.*, 66 USPQ2d 1355 (TTAB 2003). Opposer's registration issued on May 3, 1994. Applicant's allegations that opposer's mark is primarily geographically descriptive and has not acquired secondary meaning do not fall within any of the grounds specified in Subsections 14(3) or 14(5). The assertion that opposer may have fraudulently procured its registration, while stating a valid ground for cancellation of a registration that is more than five years old, does not allow applicant to also assert a ground that is available only when a registration is less than five years old.

Secondly, Section 33(b)(1), 15 U.S.C. § 1115(b)(1), upon which applicant relies, does not permit applicant to seek to cancel opposer's registration on a ground that is not otherwise allowed by statute. Rather, Section 33(b)(1) sets forth a defense that may be used in a trademark infringement action against otherwise "conclusive evidence of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b). *See In re Merrill Lynch, Pierce, Fenner and Smith Inc.*, 828 F.2d 1567, 4 USPQ2d 1141, 1141 (Fed. Cir. 1987) (the incontestable right of a registrant to use the registered mark is subject to the defenses enumerated in 15 U.S.C. § 1115(b) and to the grounds for cancellation set forth in 15 U.S.C. § 1064). *See also Modern Fence Technologies, Inc. v. Qualipac Home Imp. Corp.*, 716 F.Supp.2d 975, 988 (E.D.Wis. 2010) ("Fraud in the procurement of a trademark

registration may be raised as an affirmative defense to a charge of infringement of a registered mark. 15 U.S.C. § 1115(b)(1).").

In view of the foregoing, the allegations in paragraphs 58-62 do not state a claim for which relief may be granted.[9] Accordingly, opposer's motion to dismiss count two of the amended counterclaim is **granted**; and paragraphs 58-62 in applicant's amended counterclaim are hereby stricken. *See* Fed. R. Civ. P. 12(f).

## Proceeding Resumed; Trial Dates Reset

This proceeding is resumed. Opposer is allowed until **THIRTY DAYS** from the mailing date of this order to file an answer to the remaining allegations in applicant's amended counterclaim. Trial dates are reset as shown in the following schedule.

| | |
|---|---|
| **Answer to Amended Counterclaim Due** | **August 11, 2013** |
| **Deadline for Discovery Conference** | **September 10, 2013** |
| **Discovery Opens** | **September 10, 2013** |
| **Initial Disclosures Due** | **October 10, 2013** |
| **Expert Disclosures Due** | **February 7, 2014** |
| **Discovery Closes** | **March 9, 2014** |
| **Plaintiff's Pretrial Disclosures Due** | **April 23, 2014** |
| **30-day testimony period for plaintiff's testimony to close** | **June 7, 2014** |
| **Defendant/Counterclaim Plaintiff's Pretrial Disclosures** | **June 22, 2014** |

---

[9] Even if this ground stated a claim, it is predicated on a finding of fraud. If fraud is found, the registration would be subject to cancellation thereby rendering this "claim" moot.

| | |
|---|---|
| **30-day testimony period for defendant and plaintiff in the counterclaim to close** | **August 6, 2014** |
| **Counterclaim Defendant's and Plaintiff's Rebuttal Disclosures Due** | **August 21, 2014** |
| **30-day testimony period for defendant in the counterclaim and rebuttal testimony for plaintiff to close** | **October 5, 2014** |
| **Counterclaim Plaintiff's Rebuttal Disclosures Due** | **October 20, 2014** |
| **15-day rebuttal period for plaintiff in the counterclaim to close** | **November 19, 2014** |
| **Brief for plaintiff due** | **January 18, 2015** |
| **Brief for defendant and plaintiff in the counterclaim due** | **February 17, 2015** |
| **Brief for defendant in the counterclaim and reply brief, if any, for plaintiff due** | **March 19, 2015** |
| **Reply brief, if any, for plaintiff in the counterclaim due** | **April 3, 2015** |

**IN EACH INSTANCE**, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party **WITHIN THIRTY DAYS** after completion of the taking of testimony. *See* Trademark Rule 2.125, 37 C.F.R. § 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.l28(a) and (b), 37 C.F.R. §§ 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129, 37 C.F.R. § 2.129.

☼☼☼

13