THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

January 23, 2023

ADH

Cancellation No. 92079775

*Ahal Al-Sara Group for Trading*

*v.*

*American Flash, Inc.*

**Before Wellington, Lynch and Dunn,**
**Administrative Trademark Judges.**

**By the Board:**

This case now comes up for consideration of Respondent's contested motion (filed June 22, 2022) to dismiss the petition for cancellation for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). 5 TTABVUE.[1]

## I.    Background

Respondent owns Registration No. 3103165 for the mark shown below in connection with a variety of cleaning compounds in International Class 3:[2]

---

[1] Citations to the record or briefs are to the publicly available documents on TTABVUE, the Board's electronic docketing system. *See, e.g.*, *Turdin v. Trilobite, Ltd.*, 109 USPQ2d 1473, 1476 n.6 (TTAB 2014). The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry, if applicable.

[2] Registration No. 3103165 was issued on the Principal Register on June 13, 2006; renewed. The registration claims the colors red, white and blue as a feature of the mark. The description of the mark reads: "The mark consists of Red Banner background with the words



Petitioner seeks to cancel the subject Registration alleging claims of abandonment and fraud. 1 TTABVUE. In support thereof, Petitioner pleads ownership of two applications filed in the Kingdom of Saudi Arabia[3] for the composite word-and-design mark FIGHTER FLASH, shown below, for among other goods, a variety of cleaning substances in International Class 3:



1 TTABVUE 3-5 (¶ 1). Petitioner further alleges that Respondent has relied on its subject Registration in cancellation proceedings initiated against Petitioner's FIGHTER FLASH mark in Saudi Arabia and the United Arab Emirates ("U.A.E.") *Id*. at 5 (¶¶ 2, 3). More specifically, Petitioner alleges:

> Due to Registrant's use of the [subject] Registration as the basis or justification for the Proceedings against Petitioner's FIGHTER FLASH marks, Petitioner has an interest falling within the zone of interests protected by the Lanham Act statute and a reasonable belief in damage proximately caused by the [subject] Registration.

1 TTABVUE 6 (¶ 6).

---

'American' and 'Flash' in WHITE. The term 'The Original' is in RED. The term 'Made in USA' is in BLUE outline with WHITE filling." The words "Made in USA" and "American" are disclaimed.

[3] Saudi Arabian Trademark Application Nos. 142902232 and 142802063. 1 TTABVUE 3-4 (¶ 1). Although Petitioner refers to its Saudi Arabian Trademark "Applications" in paragraph 1, 1 TTABVUE 4, Petitioner also refers to "Registrant's attempted cancellation of Petitioner's FIGHTER FLASH Mark" in the foreign proceedings. *Id*. at 5 (¶¶ 2-3). Accordingly, the petition is unclear as to whether Petitioner is alleging ownership of Saudi Arabian trademark applications, registrations, or both.

In lieu of an answer, Respondent moved to dismiss the petition. 5 TTABVUE.

## I. Motion to Dismiss

### A. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted is a test solely of the legal sufficiency of the allegations in a complaint. *See Lewis Silkin LLP v. Firebrand LLC*, 129 USPQ2d 1015, 1016 (TTAB 2018) (citing *Young v. AGB Corp.*, 152 F.3d 1377, 47 USPQ2d 1752, 1754 (Fed. Cir. 1998)); *Order of Sons of Italy in Am. v. Profumi Fratelli Nostra AG*, 36 USPQ2d 1221, 1222 (TTAB 1995); TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 503.02 (2022). To state a claim upon which relief can be granted, and thus survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff need only allege facts that, if proven, would establish it has: (i) an entitlement to a statutory cause of action; and (ii) a valid statutory ground for cancelling the subject registration. *See Young*, 47 USPQ2d at 1754-55; *Fair Indigo LLC v. Style Conscience*, 85 USPQ2d 1536, 1538 (TTAB 2007).

Fed. R. Civ. P. 8(a)(2), made applicable to Board proceedings by Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a), requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule does not require detailed factual allegations, but requires more than labels, conclusions, formulaic recitations of the elements of a cause of action, or naked assertions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Lewis Silkin LLP*, 129 USPQ2d at 1016; TBMP § 309.03(a)(2).

In the context of Board inter partes proceedings, a plaintiff need only allege enough factual matter to suggest that its claim is plausible and to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. Under the simplified notice pleading rules of the Federal Rules of Civil Procedure, the allegations of a complaint should be "construed as to do substantial justice." *See Scotch Whisky Ass'n v. U.S. Distilled Prod. Co.*, 952 F.2d 1317, 21 USPQ2d 1145, 1147 (Fed. Cir. 1991); *Corporacion Habanos SA v. Rodriguez*, 99 USPQ2d 1873, 1874 (TTAB 2011). Additionally, as discussed in more detail below, a claim of fraud in the procurement of a registration requires the circumstances constituting fraud to be alleged "with particularity." Fed. R. Civ. P. 9(b).

## B. Entitlement to a Statutory Cause of Action

Under Section 14 of the Trademark Act, a petition for cancellation may be filed "by any person who believes that he is or will be damaged . . . by the registration of a mark." 15 U.S.C. § 1064. However, only those plaintiffs whose interests fall within the zone of interests protected by the statute and who have a reasonable belief of damage proximately caused by the continued registration of the mark are entitled to a statutory cause of action for cancellation. *See Meenaxi Enter., Inc. v. Coca-Cola Co.*, 38 F.4th 1067, 2022 USPQ2d 602, at *3-4 (Fed. Cir. 2022); *Australian Therapeutic Supplies Pty. Ltd., v. Naked TM, LLC*, 965 F.3d 1370, 2020 USPQ2d 10837, at *3 (Fed. Cir. 2020), *cert. denied*, 142 S. Ct. 82 (2021); *Corcamore, LLC v. SFM, LLC*, 978

F.3d 1298, 2020 USPQ2d 11277, at *6-7 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2671 (2021); *see also PepsiCo., Inc. v. Arriera Foods LLC*, 2022 USPQ2d 856, at *10 (TTAB 2022); *Peterson v. Awshucks SC, LLC*, 2020 USPQ2d 11526, at *5 (TTAB 2020). There is no requirement that actual damage be pleaded to state a claim of entitlement to a statutory cause of action. *See Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1025 (Fed. Cir. 1999).

Pleading facts, which if proved, would establish a plaintiff's entitlement to a statutory cause of action in a Board proceeding "is a low threshold, intended only to ensure that the plaintiff has a real interest in this matter, and is not a mere intermeddler." *Syngenta Crop. Protection v. Bio-Chek LLC*, 90 USPQ2d 1112, 1118 n.8 (TTAB 2009) (citing *Ritchie*, 50 USPQ2d at 1025-26); *see also Meenaxi Enter., Inc.*, 2022 USPQ2d 602, at *4 ("While the zone-of-interest 'test is not especially demanding,' it nonetheless imposes a critical requirement.") (internal citations omitted).[4]

In support of its motion, Respondent argues that Petitioner failed to sufficiently allege its entitlement to a statutory cause of action because Petitioner: (i) has no sales of goods within the United States; (ii) does not manufacture goods in the United States; (iii) is not a competitor of Respondent in the United States; (iv) is a Saudi Arabian company; and (v) has not filed any U.S. trademark applications for

---

[4] Once entitlement to a statutory cause of action is sufficiently alleged as to one ground, a plaintiff may assert other legally sufficient claims. *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 101 USPQ2d 1713, 1727-28 (Fed. Cir. 2012).

FIGHTER FLASH or AMERICAN FLASH, or any variations thereof. 5 TTABVUE 4-5.

In response, Petitioner argues it is not required to plead ownership of a U.S. trademark application or registration, or any commercial activity in the United States to sufficiently plead its entitlement, contending only "officious intermeddlers without a plausible claim" lack entitlement. 7 TTABVUE 8-9. Petitioner argues further that Respondent's use of its involved U.S. Registration as a sword in proceedings in Saudi Arabia and the U.A.E. to "attack [ ] Petitioner's trademarks and, ultimately, ability to sell products and do business," 7 TTABVUE 7, alone, demonstrates Petitioner is not a mere intermeddler, but rather, has a real interest in the proceeding sufficient to plead its entitlement. *Id*. at 6-9.

Respondent argues in reply that the existence of disputes between the parties in countries other than the United States involving Petitioner's foreign trademark rights are insufficient to entitle Petitioner to a statutory cause of action in the U.S. 8 TTABVUE 5.

This proceeding arises under the Trademark Act, which "regulate[s] commerce within the control of Congress." 15 U.S.C. § 1127; *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 109 USPQ2d 2061, 2068 (2014) (Section 45 of the Trademark Act, includes an "unusual, and extraordinarily helpful detailed statement of the statute's purposes," which identifies the interests protected under the Act through the regulation of "commerce within the control of Congress.").

To sufficiently plead entitlement to a cause of action in a Board proceeding, the plaintiff must plead facts, which if proved, would demonstrate a "real interest" that affects U.S. commerce. *See, e.g., PepsiCo., Inc.*, 2022 USPQ2d 856, at *11 (A "plaintiff pleading misrepresentation of source may plead entitlement based on reputational injury or lost sales provided that the plaintiff establishes a reputational interest in the United States."). *See also Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058, 1062 (Fed. Cir. 2014) (holding that foreign trademark owner Cubatabaco had "a legitimate commercial interest" in the COHIBA mark because Cubatabaco's pending application had been refused registration based on a likelihood of confusion with the subject registered marks, and that was "sufficient to show that the petitioner seeking to cancel the registered mark is the type of party Congress authorized under 15 U.S.C. § 1064."); *Corporacion Habanos, S.A.*, 99 USPQ2d at 1876 (notwithstanding strictures of Cuban embargo, Cuban plaintiffs found to have alleged entitlement based on allegations of advertising its goods in the United States and "United States consumer deception."); *Fiat Grp. Autos. S.p.A. v. ISM, Inc.*, 94 USPQ2d 1111, 1112 (TTAB 2010) (foreign plaintiff that did not allege ownership of a United States registration or any use of the mark in the United States nonetheless found to have a basis for pleading its entitlement based on plaintiff's Section 66(a) application in the United States, which was provisionally refused in view of defendant's United States application).

Such U.S. commerce within the control of Congress as contemplated under the Commerce Clause of the U.S. Constitution, includes interstate commerce or

commerce with foreign nations.[5] *See Christian Faith Fellowship Church v. Adidas AG*, 841 F.3 986, 120 USPQ2d 1640, 1643-1645 (Fed. Cir. 2016) (the Commerce Clause vests in Congress the power to regulate activities that have a substantial effect on interstate commerce); *see also Larry Harmon Pictures Corp. v. Williams Rest. Corp.*, 929 F.2d 662, 18 USPQ2d 1292, 1295 (Fed. Cir. 1991) (the Trademark Act by its terms extends "to all commerce which Congress may regulate," which includes intrastate transactions that affect interstate or foreign commerce). *Accord RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 336 (2016) (the presumption against extraterritoriality in statutory construction reflects the "commonsense notion that Congress generally legislates with domestic concerns in mind.") (*quoting Smith v. United States*, 507 U.S. 197, 204 n.5 (1993)). Thus, while allegations of ownership of proprietary rights in a mark in the United States or ownership of a U.S. trademark application or registration are not required to sufficiently plead entitlement to bring a claim based on abandonment or fraud, *see, e.g.*, *Corporacion Habanos, S.A.*, 99 USPQ2d at 1875, a foreign plaintiff cannot establish entitlement to an abandonment or fraud claim based solely on its foreign rights, without any claim or interest related to U.S. commerce.[6]

---

[5] "[C]ommerce with foreign nations means commerce between citizens of the United States and citizens and subjects of foreign nations." *See In re: Trade–Mark Cases*, 100 U.S. 82, 96 (1879).

[6] Although one purpose of the Trademark Act is "to provide rights and remedies stipulated by treaties and conventions respecting trademarks, trade names, and unfair competition entered into between the United States and foreign nations," (Trademark Act Sec. 45) Petitioner does not plead any rights under a treaty or convention.

Here, the petition for cancellation, considered as whole, fails to set forth allegations of fact that if proved would demonstrate Petitioner has an interest falling within the zone of interests protected by Trademark Act Section 14. It relies only on challenges to Petitioner's foreign marks in foreign proceedings. Petitioner has not pleaded a presence in the United States. Petitioner does not contend that its interests involve selling or manufacturing goods within the United States, and Petitioner has not filed any U.S. trademark applications to register FIGHTER FLASH or AMERICAN FLASH or any variations thereof. Nor does Petitioner plead an intent to enter the U.S. market in the future, or any other facts that if proved, would demonstrate an interest related to or affecting U.S. commerce falling within the scope of protection under the Trademark Act.

Based on its failure to identify an interest within the zone of interests of the Trademark Act, Petitioner has failed to sufficiently plead its entitlement to a statutory cause of action. However, consistent with the Board's general practice of allowing parties to cure a defective pleading if an amended pleading would not be futile and the privilege of amendment has not been abused, *see, e.g., PepsiCo., Inc.*, 2022 USPQ2d 856, at *23, Petitioner is allowed time in which to replead its entitlement to a cause of action below, to the extent it may properly do so based on the facts of the case.

### C. Grounds for Cancellation

Although Petitioner's failure to sufficiently plead its entitlement, alone, is sufficient to grant Respondent's motion to dismiss, for completeness, we also address the sufficiency of Petitioner's pleaded grounds for cancellation.

### 1. Fraud

Fraud in procuring or maintaining a trademark registration occurs when an applicant for registration or a registrant knowingly makes a false, material representation of fact in connection with an application or registration with the intent of obtaining or maintaining a registration to which it is otherwise not entitled. *See In re Bose Corp.*, 580 F.3d 1240, 91 USPQ2d 1938, 1939 (Fed. Cir. 2009); *Swiss Watch Int'l Inc. v. Fed'n of the Swiss Watch Indus.*, 101 USPQ2d 1731, 1745 (TTAB 2012). Federal R. Civ. P. 9(b) provides that the circumstances constituting the alleged fraud must be stated with particularity. *See King Auto., Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 212 USPQ 801, 803 (CCPA 1981) (The "pleadings [must] contain explicit rather than implied expressions of the circumstances constituting fraud.").

Intent to deceive is an indispensable element of the analysis in a fraud case. *See In re Bose Corp.*, 91 USPQ2d at 1941. As such, intent to deceive the United States Patent and Trademark Office ("USPTO"), whether to obtain a registration or to maintain a registration, is an element that must be pleaded in a fraud claim. *See id.* Nonetheless, intent, as a condition of mind of a person, may be averred generally. *See* Fed. R. Civ. P. 9(b); Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a); *see also DaimlerChrysler Corp. v. Am. Motors Corp.*, 94 USPQ2d 1086, 1088 (TTAB 2010).

10

Allegations of fraud made "on information and belief" without allegations of "specific facts upon which the belief is reasonably based" are insufficient. *Asian and W. Classics B.V. v. Selkow*, 92 USPQ2d 1478, 1479 (TTAB 2009).

Furthermore, when a registration issues from a use-based application, as is the case here, fraud based on nonuse of a mark occurs when a party knowingly, and with intent to deceive the USPTO, represents that it is using the mark in commerce in connection with the recited goods and/or services as of the filing date of the application, when in fact it was not. *See, e.g.*, *Nationstar Mortg. LLC v. Ahmad*, 112 USPQ2d 1361, 1365 (TTAB 2014) (finding that applicant knowingly made false statements that his mark was in use in commerce for the identified services as of the filing date of the application with the requisite intent to deceive the USPTO).

Accordingly, to sufficiently allege fraud in procuring the subject use-based Registration, Petitioner may allege that Respondent was not using its mark in commerce in connection with the goods identified in the application underlying the subject Registration as of October 15, 2004, the filing date of the application, and nonetheless knowingly represented, with an intent to deceive the USPTO, that the mark was in use.

Here, Petitioner bases its claim of fraud on the ground that Respondent alleged a date of first use of January 1976 in the underlying application, which it knew was false, and did so with such reckless disregard for the truth that it was equivalent to intent to commit fraud on the USPTO. 1 TTABVUE 11-12 (¶¶ 28-29, 34-36). This allegation, by itself, does not support a fraud claim because "the first use date is not

material to the Office's decision to approve a mark for publication." *Hiraga v. Arena*, 90 USPQ2d 1102, 1107 (TTAB 2006) ("[I]f the mark was in use in commerce as of the filing date, then the claimed date of first use, even if false, does not constitute fraud because the first use date is not material to the Office's decision to approve a mark for publication."); *W. Worldwide Enters. Grp. v. Qinqdao Brewery*, 17 USPQ2d 1137, 1141 (TTAB 1990) ("The Board repeatedly has held that the fact that a party has set forth an erroneous date of first use does not constitute fraud unless, inter alia, there was no valid use of the mark until after the filing of the application."). Moreover, Petitioner affirmatively pleads, on information and belief, that Respondent first used the subject mark in February 1987, 1 TTABVUE 12 (¶ 34), decades before filing the October 15, 2004 application underlying the subject Registration.

In view of the foregoing, Petitioner has failed to state a claim of fraud on which relief can be granted.

### 2. Abandonment

To plead a legally sufficient claim of abandonment, a plaintiff must allege at least three consecutive years of non-use of the subject mark, or a period of non-use less than three years with an intent not to resume use. *See* 15 U.S.C. § 1127; *see also Lewis Silkin LLP*, 129 USPQ2d at 2018-20.

In support of its abandonment claim, Petitioner pleads, inter alia:

50. Upon information and belief, Registrant is no longer using the Registered Design Mark in the United States.

51. Upon information and belief, Registrant is no longer offering goods or services in the United States under the Registered Design Mark.

52. Upon information and belief, Registrant has not used the Registered Design Mark in the United States in connection with any goods or services since at least 2015.

53. Upon information and belief, Registrant cannot show that it is [sic] the Registered Design Mark for any goods or services, including the goods listed in the Cited Registration.[7]

54. Upon information and belief, the Registered Design Mark has not been used as a trademark by Registrant since at least 2015.

\*\*\*

56. Given the foregoing, the Cited Registration should be cancelled on the ground of abandonment.

57. As detailed above, and upon information and belief, Registrant abandoned the Registered Design Mark as early as 2015. Due to this course of conduct, the Registered Design Mark no longer holds significance as a source indicator for Registrant.

1 TTABVUE 15-16.

These allegations plead a legally sufficient claim of abandonment inasmuch as they allege nonuse of the subject mark for more than three years, providing Respondent with fair notice of the claim. *See Lewis Silkin LLP*, 129 USPQ2d at 2020. Accordingly, Petitioner has stated a claim for abandonment on which relief can be granted.

## II.  Summary; Proceeding Resumed; Dates Reset

Even though Petitioner has pleaded a legally sufficient claim of abandonment, Respondent's motion to dismiss the petition for cancellation is **GRANTED** because

---

[7] In assessing the sufficiency of Petitioner's abandonment claim, we have not considered paragraph 53. 1 TTABVUE 15. As pleaded, it alleges Respondent cannot show it "is" the subject mark, rather than "it has used" the subject mark.

Petitioner has failed to sufficiently plead its entitlement to a statutory cause of action. Petitioner has also failed to state a legally sufficient claim of fraud.

In keeping with general Board practice, Petitioner is allowed until **TWENTY (20) DAYS** from the date of this order to file and serve an amended petition to cancel that sufficiently pleads Petitioner's entitlement and legally sufficient claims of abandonment and/or fraud, **as long as such claims or allegations may be properly asserted based on the facts of the case, under the standards explained in this order**, failing which the petition for cancellation will be dismissed with prejudice.[8]

Petitioner is reminded that under USPTO Rule 11.18, 37 CFR § 11.18, the factual basis for a pleading requires either that the pleader know of facts that support the pleading or that evidence showing the factual basis is "likely" to be obtained after a reasonable opportunity for discovery or investigation. Further, to the extent Petitioner is able to plead a legally sufficiently fraud claim, it is reminded that it will bear a heavy burden because fraud must be "proven 'to the hilt' with clear and convincing evidence," leaving nothing to speculation, conjecture, or surmise. *See Smith Int'l, Inc. v. Olin Corp.*, 209 USPQ 1033, 1044 (TTAB 1981).

Respondent is allowed until **FORTY (40) DAYS** from the date of this order to file an answer to the amended petition to cancel, if filed.

This proceeding is **RESUMED**. Conference, discovery and trial dates are **reset** as shown in the following schedule:

---

[8] Because we are allowing Petitioner to replead, Petitioner's motion to amend the petition submitted with its response to the motion to dismiss, 7 TTABVUE 11-13, is moot.

| | |
|---|---:|
| Deadline for Discovery Conference | 4/3/2023 |
| Discovery Opens | 4/3/2023 |
| Initial Disclosures Due | 5/3/2023 |
| Expert Disclosures Due | 8/31/2023 |
| Discovery Closes | 9/30/2023 |
| Plaintiff's Pretrial Disclosures Due | 11/14/2023 |
| Plaintiff's 30-day Trial Period Ends | 12/29/2023 |
| Defendant's Pretrial Disclosures Due | 1/13/2024 |
| Defendant's 30-day Trial Period Ends | 2/27/2024 |
| Plaintiff's Rebuttal Disclosures Due | 3/13/2024 |
| Plaintiff's 15-day Rebuttal Period Ends | 4/12/2024 |
| Plaintiff's Opening Brief Due | 6/11/2024 |
| Defendant's Brief Due | 7/11/2024 |
| Plaintiff's Reply Brief Due | 7/26/2024 |
| Request for Oral Hearing (optional) Due | 8/5/2024 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125, 37 C.F.R. §§ 2.121-2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b),

37 C.F.R. §§ 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).